IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2007 NOV 19 PM 4:36
TEXAS-EASTERN
BY_____

| | |
|---|---|
| GEMINI IP, LLC<br><br>Plaintiff,<br><br>v.<br><br>(1) CITRIX SYSTEMS, INC.,<br>(2) MITEL NETWORKS CORPORATION,<br>(3) INTER-TEL (DELAWARE), INCORPORATED,<br>(4) AVOCENT CORPORATION,<br>(5) LANDESK SOFTWARE, INC.,<br>(6) SABA SOFTWARE, INC.,<br>(7) GENESYS S.A. d/b/a GENESYS CONFERENCING,<br>(8) GENESYS CONFERENCING, INC.,<br>(9) PREMIERE GLOBAL SERVICES, INC.,<br>(10) NETSPOKE, INC., and<br>(11) IMEET, INC.<br><br>Defendants. | Civil Action No. 4:07cv521<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Gemini IP, LLC ("Gemini") makes the following allegations against Citrix Systems, Inc., Mitel Networks Corporation, Inter-Tel (Delaware), Incorporated, Avocent Corporation, LANDesk Software, Inc., Saba Software, Inc., Genesys S.A. d/b/a Genesys Conferencing, Genesys Conferencing, Inc., Premiere Global Services, Inc., Netspoke, Inc., and iMeet, Inc. (collectively the "Defendants").

### PARTIES

1.  Plaintiff Gemini IP, LLC ("Gemini") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2. On information and belief, Defendant Citrix Systems, Inc. ("Citrix") is a Delaware corporation with its corporate headquarters and principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida 33309. Citrix has appointed its agent for service as follows: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

3. On information and belief, Defendant Mitel Networks Corporation ("Mitel") is a corporation organized under the laws of Canada with its corporate headquarters and principal place of business at 350 Legget Drive, Ottawa, Ontario, Canada K2K 2W7. Mitel may be served via the Hague Convention.

4. On information and belief, Defendant Inter-Tel (Delaware), Incorporated ("Inter-Tel") is a Delaware corporation with its corporate headquarters and principal place of business at 1615 S. 52nd Street Tempe, Arizona 85281. Inter-Tel has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5. On information and belief, Defendant Avocent Corporation ("Avocent") is a Delaware corporation with its corporate headquarters and principal place of business at 4991 Corporate Drive, Huntsville, Alabama 35805. Avocent has appointed its agent for service as follows: National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

6. On information and belief, Defendant LANDesk Software, Inc. ("LANDesk") is a Delaware corporation with its corporate headquarters and principal place of business at 698 W. 10000 S, Suite 500, South Jordan, Utah 84095. LANDesk has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. On information and belief, Defendant Saba Software, Inc. ("Saba") is a Delaware corporation with its corporate headquarters and principal place of business at 2400 Bridge Parkway, Redwood Shores, California 94065. Saba has appointed its agent for service as follows: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

8. On information and belief, Defendant Genesys S.A. d/b/a Genesys Conferencing ("Genesys") is a corporation organized under the laws of France with its corporate headquarters and principal place of business at L'Acropole, 954-980 Avenue Jean Mermoz 34000, Montpellier, France. Genesys may be served via the Hague Convention.

9. On information and belief, Defendant Genesys Conferencing, Inc. ("Genesys-U.S.") is a Delaware corporation with its corporate headquarters and principal place of business at 8020 Towers Crescent Drive, Vienna, Virginia 22182. Genesys-U.S. has appointed its agent for service as follows: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

10. On information and belief, Defendant Premiere Global Services, Inc. ("PGi") is a Georgia corporation with its corporate headquarters and principal place of business at 3280 Peachtree Road NW, Suite 1000, Atlanta, Georgia 30305. PGi has appointed its agent for service as follows: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

11. On information and belief, Defendant Netspoke, Inc. ("Netspoke") is a Delaware corporation with its corporate headquarters and principal place of business at 600 W. Cummings Park, Suite 6500, Woburn, Massachusetts 01801. Netspoke has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12. On information and belief, Defendant iMeet, Inc. ("iMeet") is a Delaware corporation with its corporate headquarters and principal place of business at 5001 Baum Boulevard, Suite 650, Pittsburgh, Pennsylvania 15213. iMeet has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and has committed, contributed to, and/or induced acts of patent infringement in this district.

15. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,177,932

16. Gemini is the owner by assignment of United States Patent No. 6,177,932 ("the '932 Patent") entitled "Method and Apparatus for Network Based Customer Service." The '932

4

Patent issued on January 23, 2001. A true and correct copy of the '932 Patent is attached as Exhibit A.

17. Messrs. Frank A. Galdes and Mark A. Ericson are listed as the inventors on the '932 Patent.

18. Upon information and belief, Defendant Citrix has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing by way of inducing infringement by others, and/or contributing to the infringement by others, of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "GoToMyPC," "GoToMeeting," "GoToWebinar," "GoToAssist," and other products and services that provide remote access and support for consumers and businesses, which are available online at www.citrix.com and www.gotomypc.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Citrix is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

19. Upon information and belief, Defendants Mitel and Inter-Tel have been and now are directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others, of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Inter-Tel Web Conferencing," "Inter-Tel Remote Support," and other products and services that provide remote access and support for consumers and businesses, which are available online at www.mitel.com,

www.inter-tel.com, and www.linktivity.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants Mitel and Inter-Tel are thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

20. Upon information and belief, Defendants Avocent and LANDesk have been and now are directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others, of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "LANDesk Management Suite," and other products and services that provide remote access and support for consumers and businesses, which are available online at www.avocent.com and www.landesk.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants Avocent and LANDesk are thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

21. Upon information and belief, Defendant Saba has been and now is directly, literally, and/or, upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Saba Centra Suite," and other products and services that provide remote access and support for consumers and businesses, which are available online at www.saba.com and www.centra.com, that are covered by one or

more claims of the '932 Patent to the injury of Gemini. Defendant Saba is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

22. Upon information and belief, Defendants Genesys and Genesys-U.S. have been and now are directly, literally, and/or, upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Genesys Meeting Center," and other products and services that provide remote access and support for consumers and businesses, which are available online at www.genesys.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants Genesys and Genesys-U.S. are thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

23. Upon information and belief, Defendants PGi, Netspoke, and iMeet have been and now are directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly, infringing by way of inducing infringement by others, and/or contributing to the infringement by others, of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "PGi Netspoke," and other products and services that provide remote access and support for consumers and businesses, which are available online at www.premiereglobal.com, www.PGiConnect.com, and www.netspoke.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants PGi, Netspoke, and iMeet are thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

24. To the extent that facts learned in discovery show that Defendants' infringement is, or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

25. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '932 Patent complied with such requirements.

26. As a result of these Defendants' infringement of the '932 Patent, Gemini has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

27. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '932 Patent, Gemini will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Gemini respectfully requests that this Court enter:

1. A judgment in favor of Gemini that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '932 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity, with any of them, from infringing, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '932 Patent;

3. A judgment and order requiring Defendants to pay Gemini its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '932 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to Gemini its reasonable attorneys' fees; and

5.  Any and all other relief to which Gemini may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**GEMINI IP, LLC**

Dated: November 19, 2007

By: /s/ Clyde M. Siebman
Clyde M. Siebman
Texas State Bar No. 18341600
SIEBMAN, REYNOLDS, BURG
& PHILLIPS, L.L.P.
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
Telephone: (903) 870-0070
Facsimile: (903) 870-0066
E-mail: siebman@siebman.com

David M. Pridham
R.I. State Bar No. 6625
INTELLECTUAL PROPERTY
NAVIGATION GROUP, LLC
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
E-mail: david@ipnav.com

Michael J. Newton
Texas State Bar No. 24003844
THE LAW OFFICES OF MICHAEL J. NEWTON
2714 Beverly Drive
Flower Mound, Texas 75022
Telephone: (214) 438-0806
Facsimile: (903) 938-7404
E-mail: newtons3laws@verizon.net

Amy E. LaValle
Texas State Bar No. 24040529
THE LAVALLE LAW FIRM
3811 Turtle Creek Boulevard
Suite 1620
Dallas, Texas 75219
Telephone: (214) 732-7533
Facsimile: (214) 292-8831
E-mail: lavalle@lavallelawfirm.com

**ATTORNEYS FOR PLAINTIFF
GEMINI IP, LLC**