UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GEMINI IP, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>LANDESK SOFTWARE, INC., et al.<br><br>    Defendants | Cause No. 4:07-cv-00521-RAS |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Gemini IP, LLC ("Gemini") makes the following allegations against LANDesk Software, Inc., Saba Software, Inc., Genesys S.A. d/b/a Genesys Conferencing, Genesys Conferencing, Inc., Avaya Inc., Best Buy Co., Inc., Bomgar Corporation, ConnectWise, Inc., Elsinore Technologies Inc., GFI Software Ltd., GFI USA, Inc., GFI Software Development, Ltd., LogMeIn, Inc., N-able Technologies Incorporated, NTR Global, Venti Solutions, LLC, Zoho Corporation, Zenith Infotech Ltd., LivePerson, Inc., International Business Machines Corp., Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung Telecommunications America, LLC, AT&T, Inc., Sony Corporation, and Sony Corporation of America (collectively the "Defendants").

## PARTIES

1. Plaintiff Gemini IP, LLC ("Gemini") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2. On information and belief, Defendant LANDesk Software, Inc. ("LANDesk") is a Delaware corporation with its corporate headquarters and principal place of business at 698 W.

10000 S, Suite 500, South Jordan, Utah 84095. LANDesk has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. On information and belief, Defendant Saba Software, Inc. ("Saba") is a Delaware corporation with its corporate headquarters and principal place of business at 2400 Bridge Parkway, Redwood Shores, California 94065. Saba has appointed its agent for service as follows: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4. On information and belief, Defendant Genesys S.A. d/b/a Genesys Conferencing ("Genesys") is a corporation organized under the laws of France with its corporate headquarters and principal place of business at L' Acropole, 954-980 Avenue Jean Mermoz 34000, Montpellier, France. Genesys may be served via the Hague Convention.

5. On information and belief, Defendant Genesys Conferencing, Inc. ("Genesys- U.S.") is a Delaware corporation with its corporate headquarters and principal place of business at 8020 Towers Crescent Drive, Vienna, Virginia 22182. Genesys-U.S. has appointed its agent for service as follows: National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

6. On information and belief, Defendant Avaya Inc. ("Avaya") is a Delaware corporation with its corporate headquarters and principal place of business at 211 Mt. Airy Road, Room 1C515, Basking Ridge, NJ 07920. Avaya has appointed its agent for service as follows: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7. On information and belief, Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its corporate headquarters and principal place of business at 7601

Penn Ave. South, Richfield, MN 55423. Best Buy has appointed its agent for service as follows: CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

8. On information and belief, Defendant Bomgar Corporation ("Bomgar") is a Mississippi corporation with its corporate headquarters and principal place of business at 578 Highland Colony Pkwy., Ste. 300, Ridgeland, MS 39157. Bomgar has appointed its agent for service as follows: Cary M. Paulette, 6213 Chapel Hill Blvd., Suite B, Plano, TX 75093-8476.

9. On information and belief, Defendant ConnectWise, Inc. ("ConnectWise") is a Florida corporation with its corporate headquarters and principal place of business at 2803 W. Busch Blvd., Ste. 204, Tampa, FL 33618. ConnectWise has appointed its agent for service as follows: Arnold F. Bellini, 2803 W. Busch Blvd., Ste. 204, Tampa, FL 33618-4548.

10. On information and belief, Defendant Elsinore Technologies Inc. ("Elsinore") is a North Carolina corporation with its corporate headquarters and principal place of business at 4700 Six Forks Road, Raleigh, NC 27609-5244. Elsinore has appointed its agent for service as follows: K. Ray Allen, 4700 six Forks Road, Raleigh, NC 27609-5244.

11. On information and belief, Defendant GFI Software Ltd. ("GFI Software") is a Maltese corporation with its corporate headquarters and principal place of business at GFI House, San Andrea Street, San Gwann, 1612, Malta. GFI has appointed its agent for service as follows: GFI House, San Andrea Street, San Gwann, 1612, Malta.

12. On information and belief, Defendant GFI USA, Inc. ("GFI USA") is a North Carolina corporation with its principal place of business at 15300 Weston Parkway, Suite 104, Cary North Carolina 27513. GFI USA has appointed CT Corporation System, 150 Fayetville St., Box 1011, Raleigh North Carolina 27601 as its agent for service of process.

13. On information and belief, Defendant GFI Software Development, Ltd. ("GFISDL") is a North Carolina corporation with its principal place of business at 15300 Weston Parkway, Suite 104, Cary North Carolina 27513. GFISDL has appointed CT Corporation System, 150 Fayetville St., Box 1011, Raleigh North Carolina 27601 as its agent for service of process.

14. On information and belief, Defendant LogMeIn, Inc. ("LogMeIn") is a Delaware corporation with its corporate headquarters and principal place of business at 500 Unicorn Park, Woburn, MA 01801-3377. LogMeIn has appointed its agent for service as follows: Michael Simon, 500 Unicorn Park, Woburn, MA 01801-3377.

15. On information and belief, Defendant N-able Technologies Incorporated ("N-able") is a Delaware corporation with its corporate headquarters and principal place of business at 99 Rosewood Drive, Suite 140, Danvers, MA 01923. N-able has appointed its agent for service as follows: William Junkermier, 99 Rosewood Drive, Suite 140, Danvers, MA 01923.

16. On information and belief, Defendant NTRglobal ("NTRglobal") is a Spanish corporation a place of business at 4455 LBJ Freeway, Suite 1080, Dallas, TX 75244.

17. On information and belief, Defendant Venti Solutions, LLC ("Venti") is a Colorado corporation with its corporate headquarters and principal place of business at 2015 Kittridge Avenue, Colorado Springs, CA 80919-93889. Venti has appointed its agent for service as follows: S. Brian Stout, 2015 Kittridge Avenue, Colorado Springs, CA 80919-3889.

18. On information and belief, Defendant Zoho Corporation ("Zoho") is a California corporation with its corporate headquarters and principal place of business at 4900 Hopyard Rd., Suite 310, Pleasanton, CA 94588-7100. Zoho has appointed its agent for service as follows: Vembu Sridhar, 4900 Hopyard Rd., Suite 310, Pleasanton, CA 94588-7100.

19. On information and belief, Defendant Zenith Infotech Ltd. ("Zenith") is a Pennsylvania corporation with its corporate headquarters and principal place of business at 1 Williamsburg Pl., Warrendale, PA 15086-7540. Zenith has appointed its agent for service as follows: Registered Agent, 1 Williamsburg Pl., Warrendale, PA 15086-7540.

20. On information and belief, Defendant LivePerson, Inc. ("LivePerson") is a Delaware corporation with its corporate headquarters and principal place of business at 462 Fashion Avenue, Floor 3, New York, NY 10018-7832. LivePerson has appointed its agent for service as follows: Vcorp Services CA, Inc., 5670 Wilshire Blvd., Suite 1530, Los Angeles, CA 90036-5650.

21. On information and belief, Defendant International Business Machines Corp. ("IBM") is a New York corporation with its corporate headquarters and principal place of business at New Orchard Road, Armonk, NY 10504. IBM has appointed its agent for service as follows: CT Corporation System 350 N. St. Paul Street, Dallas, TX 75201.

22. On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung Electronics America") is a New York corporation with its corporate headquarters and principal place of business at 105 Challenger Road, Ridgefield Park, NY 07660. Samsung Electronics America has appointed its agent for service as follows: CT Corporation System, 11 Eighth Avenue, New York, NY 10011.

23. On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean corporation with its corporate headquarters and principal place of business at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea. Samsung Electronics has appointed its agent for service as follows: 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea.

24. On information and belief, Defendant Samsung Telecommunications America, LLC ("Samsung Telecommunications") is a Delaware corporation with its corporate headquarters and principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Samsung Telecommunications has appointed its agent for service as follows: Corporation Service Company 1560 Broadway, Suite 2090, Denver, CA 80202-5180.

25. On information and belief, Defendant AT&T, Inc. ("AT&T") is a Delaware corporation with its corporate headquarters and principal place of business at 175 E. Houston St., San Antonio, Texas 78205. AT&T has appointed its agent for service as follows: CT Corporation Systems, 350 North St. Paul Street, Dallas, TX 75201.

26. On information and belief, Defendant Sony Corporation ("Sony") is a Japan corporation with its corporate headquarters and principal place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Sony has appointed its agent for service as follows: 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

27. On information and belief, Defendant Sony Corporation of America ("Sony America") is a New York corporation with its corporate headquarters and principal place of business at C/O SCA Legal Dept., 550 Madison Ave 27th Floor, New York, NY 10022. Sony America has appointed its agent for service as follows: CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, CA 95833.

## JURISDICTION AND VENUE

28. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

29. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and has committed, contributed to, and/or induced acts of patent infringement in this district.

30. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,177,932

31. Gemini is the owner by assignment of United States Patent No. 6,177,932 and its associated re-examination certificate ("the '932 Patent") entitled "Method and Apparatus for Network Based Customer Service." The '932 Patent originally issued on January 23, 2001 and the re-examination certificate issued on September 14, 2010. A true and correct copy of the '932 Patent as originally filed is attached as Exhibit A and the re-examination certificate is attached as Exhibit B.

32. Messrs. Frank A. Galdes and Mark A. Ericson are listed as the inventors on the '932 Patent.

33. Upon information and belief, Defendant LANDesk has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others, of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States

by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Management Suite," "Instant Support Suite," and "LANDesk Service Desk" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.landesk.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant LANDesk is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

34. Upon information and belief, Defendant Saba has been and now is directly, literally, and/or, upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Saba Live," "Saba Centra," "Saba collaboration Suite," "Saba Enterprise," "Saba Learning Suite," "Saba Performance Suite," and "Saba Web conferencing" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.saba.com and www.centra.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Saba is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

35. Upon information and belief, Defendants Genesys and Genesys-U.S. have been and now are directly, literally, and/or, upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and

elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Meeting Center," "Genesys Enterprise Service," and "Genesys Video Conferencing" and other products and services that provide remote access and support for consumers and businesses, which are available online at www.genesys.com that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants Genesys and Genesys-U.S. are thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

36. Upon information and belief, Defendants Avaya has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "NTRsupport Ultimate" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.avaya.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants Avaya is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

37. Upon information and belief, Defendant Best Buy has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Geek Squad Virtual Agents"

and other products and services that provide remote access and support for consumers and businesses, which, for example, are available online at support.geeksquad.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Best Buy is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

38. Upon information and belief, Defendant Bomgar has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Bomgar Remote Support Solutions" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.bomgar.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Bomgar is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

39. Upon information and belief, Defendant ConnectWise has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "ConnectWise Support (uses NTR)" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.connnectwise.com,

that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant ConnectWise is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

40.     Upon information and belief, Defendant Elsinore has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "ScreenConnect" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.screenconnect.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Elsinore is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendants GFI Software, GFI USA, and GFISDL have been and now are directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "GFI Max RemoteManagement" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.gfi.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants GFI Software, GFI USA, and GFISDL are thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

42. Upon information and belief, Defendant LogMeIn has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "LogMeIn Rescue" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at secure.logmeinrescue.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini.  Defendant LogMeIn is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

43. Upon information and belief, Defendant N-able has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "N-central" and "N-supportPro" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.n-able.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini.  Defendant N-able is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

44. Upon information and belief, Defendant NTR Global has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by

others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "NTRsupport Ultimate" and other products and services that provide remote access and support for consumers and businesses, which are for example, available online at www.ntrglobal.com that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant NTR Global is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

45. Upon information and belief, Defendant Venti has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "v-Assist." "v-Manage" and "v-Reach" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.ventisolutions.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Venti is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

46. Upon information and belief, Defendant Zoho has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Zoho Assist," "WebNMS,"

and "ManageEngine" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.zoho.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Zoho is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

47. Upon information and belief, Defendant Zenith has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Help Desk" and "Remote Control Software" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.zenithinfotech.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant Zenith is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

48. Upon information and belief, Defendant LivePerson has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Service Solutions" and "Live Person Online Support Software for Customer Support" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at solutions.liveperson.com, that are covered by one or more claims of the '932

Patent to the injury of Gemini. Defendant LivePerson is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

49.     Upon information and belief, Defendant IBM has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Tech Support" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at public.dhe.ibm.com that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendant IBM is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

50.     Upon information and belief, Defendants Samsung Electronics America, Samsung Electronics, and Samsung Telecommunications have been and now are directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Samsung remote support service" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at www.samsung.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants Samsung Electronics America,

Samsung Electronics, and Samsung Telecommunications is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

51. Upon information and belief, Defendant AT&T has been and now is directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "ConnecTech," "Remote Subscription Services," Remote Diagnostics Service," "Single Instance Remote Service," and Remote Advanced Set Up and Service" and other products and services that provide remote access and support for consumers and businesses, which are, for example, available online at connectech.att.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini. Defendants AT&T is thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

52. Upon information and belief, Defendants Sony and Sony America have been and now are directly, literally, and/or upon information and belief, jointly, equivalently, and/or indirectly infringing, by way of inducing infringement by others, and/or contributing to the infringement by others of the '932 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, operating, offering to sell, and/or selling customer service, customer support, and/or customer care systems such as "Sony Backstage Support (including Live Chat, PC Help Desk, Add Device to Network, Setup Your Printer, Windows Tutorial, PC Network Setup)" and "Technical Support via chat (uses Logmein Rescue)" and other products and services that provide remote access and support for consumers

and businesses, which are, for example, available online at www.sonystyle.com, that are covered by one or more claims of the '932 Patent to the injury of Gemini.  Defendants Sony and Sony America are thus liable for infringement of the '932 Patent pursuant to 35 U.S.C. § 271.

53.     To the extent that facts learned in discovery show that Defendants' infringement is, or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

54.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '932 Patent complied with such requirements.

55.     As a result of these Defendants' infringement of the '932 Patent, Gemini has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

56.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '932 Patent, Gemini will be greatly and irreparably harmed.

WHEREFORE, Gemini respectfully requests that this Court enter:

1.      A judgment in favor of Gemini that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '932 Patent;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity, with any of them, from infringing, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '932 Patent;

3. A judgment and order requiring Defendants to pay Gemini its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '932 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to Gemini its reasonable attorneys' fees; and

5. Any and all other relief to which Gemini may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: November 3, 2010

Respectfully submitted,

By: /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green St., Suite 300
Longview, TX 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403
Email: spangler@spanglerlawpc.com

ATTORNEY FOR PLAINTIFF
GEMINI IP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 3rd day of November, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Andrew W. Spangler
Andrew W. Spangler